UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:19CR139-PPS |
| | ) | (Associated Civil No. 2:21CV210-PPS) |
| JARVAS MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Jarvas Mitchell entered a plea of guilty to a charge of bank robbery in violation of 18 U.S.C. §2113(a). [DE 21, 24.] I sentenced him to a term of imprisonment of 57 months. [DE 41, 42.] Mitchell now seeks to set aside his sentence pursuant to 28 U.S.C. §2255. [DE 48.] Mitchell's arguments all center on one aspect of the case – what the plea agreement provided concerning the role of a firearm during the robbery. The typewritten plea agreement that Mitchell initially signed included this statement of stipulated facts:

> In the Northern District of Indiana, on August 23, 2019, I entered the Chase Bank located at 1600 45th Street, Munster, Indiana. I approached the teller and hander (*sic*) her a banking ticket with a note written on it demanding $100,000 in cash, and warning that I had a gun. The teller feared for her safety due to my actions. I took $9,723.00 from the teller's cash drawer and exited the bank....

[DE 21-1 at ¶8.] During the change of plea hearing before me, defense counsel advised that the parties had agreed to an alteration of this language, striking the clause "and warning that I had a gun." [DE 54 at 5.] A second copy of the plea agreement was filed,

showing the strikeout and the initials of both attorneys and defendant Mitchell. [DE 21-2 at ¶8.]

At sentencing, the defense disputed the government's assertion that the note Mitchell used in the bank robbery included the assertion that Mitchell had a gun. [DE 34 at 1; DE 52 at 6.] This position did not affect the factual basis for the plea. Instead, it became, as I noted at the time, "a guideline issue." [*Id*. at 6-7.] The content of the note was relevant at sentencing to the application of a two-point increase to the offense level under U.S.S.G. §2B3.1(b)(2)(F) for a threat of death employed in a bank robbery. The government proffered that the teller had always stated and would testify that the note, which defendant took away with the cash, included the statement "I have a gun." [*Id*. at 9-10.] The defendant denied this. [*Id*. at 11.] I found in favor of the government on the factual dispute, in view of the teller's contemporaneous statements as to what the note said, and Mitchell's obvious incentive to deny having made any reference to a gun. [*Id*. at 11-12, 15-16.] After hearing argument, considering supplemental briefing, and reconvening the sentencing hearing, I also found in the government's favor on the applicability of the guidelines enhancement for a threat of death. [DE 53 at 5-7.] With a total offense level of 21 and a criminal history category of IV, the guidelines sentencing range was 57 to 71 months of incarceration. [*Id*. at 7-8.] I imposed a sentence at the bottom of that range, 57 months.

## §2255 Standards

Section 2255(a) authorizes relief where a prisoner demonstrates "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Seventh Circuit has observed that this is a high bar: "Relief under §2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)).

All three of Mitchell's grounds for relief are claims of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees a criminal defendant a right to the effective assistance of counsel for his defense. *Burkhart v. United States*, 27 F.4th 1289, 1295 (7th Cir. 2022). In order to obtain relief for a violation of this right, Mitchell must demonstrate that counsel's performance "fell below an objective standard of reasonableness" and that "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If either of these prongs cannot be met, the claim fails, and I am not required to address both prongs if either is deficient. *Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the court's] review of an attorney's performance is

3

highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011).

### Ground One:  Failure to Object to Violation of Plea Agreement

Mitchell faults his defense counsel for failing to demonstrate that application of the gun enhancement would be a breach of the plea agreement. [DE 50 at 1-2.] Defendant misunderstands the significance of striking the admission about a gun reference from the plea agreement.  Mitchell contends that he "declined the plea offer with a gun stipulation" and that "counsel and the government negotiated a new written plea agreement which included the removal of any and all gun stipulations." [DE 50 at 2.] The change to the plea stipulation meant that Mitchell was not *admitting to any fact* about the note referring to a gun, and instead was leaving the issue for the court to decide. But nothing in the language of the plea agreement prohibited the government from contending as an issue of fact that Mitchell's note referenced a gun, and that as a legal matter the gun reference supported an offense level increase under the sentencing guidelines.  And that is what happened.  Mitchell's counsel advocated competently on his behalf against both the factual and legal arguments, but I resolved the disputes against Mitchell.  Because Mitchell demonstrates no deficient performance by his attorney, Ground One is without merit.

4

### **Grounds Two and Three: Failure to Fully Explain Plea Agreement**

Mitchell describes Ground Two as a claim based on his counsel's "failure to fully explain [the] written plea agreement." [DE 48 at 5; DE 50 at 3.] Ground Three is stated as counsel's "failure to fully and properly explain [the] plea agreement." [DE 48 at 7; DE 50 at 4.] These sound the same, and Mitchell's discussion of the two grounds doesn't effectively distinguish between them. These arguments are also related to Mitchell's misunderstanding of the terms of plea agreement.

Mitchell argues: "According to the advice of counsel and the written terms of the plea agreement there would be no gun stipulation or specification....By advising movant to sign the written plea agreement counsel takes on any and all failures of the government to violate that binding written agreement." [DE 50 at 4.] As before, this language reflects Mitchell's mistaken belief that his refusal to stipulate that his robbery note referenced a gun foreclosed the issue altogether, when it did not. Mitchell did not stipulate to the note mentioning a gun, but that decision did not eliminate the factual issue or its legal ramifications from the sentencing. Although Mitchell blames the government, I note that the probation office's responsibility to prepare a presentence report requires the probation officer to consider all facts and factors that might impact the sentencing guidelines computation. *See* Fed.R.Crim.P. 32(d). The probation officer's inclusion of the threat of death adjustment [DE 31 at ¶32] prompted an objection from the defense, which was addressed at sentencing.

What's more, the record made during the change of plea hearing does not support Mitchell's claim that he was misled about the terms of the plea agreement. The plea agreement contained Mitchell's acknowledgment that "the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines." [DE 21-2 at ¶6.] At the change of plea hearing, I engaged in a careful colloquy with Mitchell to satisfy myself that he understand the terms of his plea agreement. [DE 54 at 7$ff$.] I reviewed the maximum statutory penalties and confirmed that defense counsel had discussed with Mitchell how the sentencing guidelines might apply. [*Id*. at 7-8.] Under oath, Mitchell represented that no other promises of any kind had been made to him beyond what the written agreement contained, and that no one had made him any promise as to exactly what his sentence would ultimately be. [*Id*. at 12, 14.] During her recitation of the facts, the Assistant United States Attorney indicated that "[t]he exact contents of the note are in some dispute that we'll deal with later at sentencing." [*Id*. at 18.] She also stated that the teller "was placed in fear" because of defendant's action in presenting the note. [*Id*. at 18-19.] Defendant was asked if he agreed with the prosecutor's recitation, and he said that he did agree. [*Id*. at 19.]

This record made plain that whether or not Mitchell's note mentioned a gun was still in dispute and would be addressed further at the sentencing. This is inconsistent with Mitchell's claim that his attorney advised him, or led him to believe, that the

6

amendment to the plea agreement put the issue of the gun to rest in Mitchell's favor. "Voluntary responses made by a defendant under oath before an examining judge ... are binding." *United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010). "[T]he defendant's statements at a plea colloquy are presumed to be true." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). And "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing – the latter are presumed true." *United States v Mosley*, 35 F.3d 569 (7th Cir. 1994)[Table]. The record made at the plea hearing is inconsistent with an understanding that the plea agreement did not permit any further consideration of the reference to a gun and its possible impact on the guidelines computation. Mitchell does not establish that counsel gave him the wrong advice or explanation on the issue.

As to the second prong of the ineffective assistance analysis, prejudice to the defense requires a showing that "there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013). More particularly, to establish prejudice where a defendant has entered a plea of guilty, he must "demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Mitchell does not assert in support of his §2255 motion that if he had correctly understood the risk of the gun enhancement, he would not have entered a guilty plea. Such a decision would have made little sense, given that

7

Mitchell does not claim that he was innocent of the bank robbery or had a viable defense to the charge, and the gun issue would presumably have been resolved the same way after a trial, at the further cost of losing the downward adjustment for acceptance of responsibility. Mitchell does not show that his counsel's advice and counsel were sub-par concerning the effect of the plea stipulation, or that Mitchell suffered prejudice as a result. No relief will be granted on Grounds Two and Three.

## Conclusion

Jarvis Mitchell's arguments fall well short of a demonstration that there was any violation of his right to effective representation that would entitle him to relief under §2255. Because I find that Mitchell has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under §2255, I will also deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If Mitchell wishes to appeal this Opinion and Order denying his §2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**ACCORDINGLY:**

Jarvis Mitchell's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 [DE 48] is DENIED, and a certificate of appealability is also DENIED.

**SO ORDERED**.

ENTERED: July 18, 2022.

                                               /s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT